### DIXON v. MARLOW.

(Supreme Court, Appellate Term. June 6, 1907.)

TRIAL—DISMISSAL WITHOUT PREJUDICE.

Where a question of fact was presented for determination upon evidence which failed to prove facts sufficient to constitute a cause of action, it was proper to dismiss the complaint without prejudice to the bringing of a new action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 359–367.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John A. Dixon, administrator, against Elizabeth Marlow. Cross-appeals by plaintiff from a judgment dismissing complaint without prejudice and by defendant from an order denying a motion to modify the judgment by striking out qualifications. Judgment and order affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Petzer & Griffiss, for plaintiff.

Gustavus A. Rogers, for defendant.

PER CURIAM. There seems to be a question of fact here presented upon unsatisfactory evidence. Some time prior to her death plaintiff's intestate, who was an actress, had a diamond pin, which had been given to her by a Mr. Fair of San Francisco. Defendant obtained possession of the pin, claiming that the intestate gave it to her, and says that she wore it for three years before intestate's death. Plaintiff claims that defendant was guilty of a conversion of said pin. There is some evidence that plaintiff himself got possession of the pin and gave it to Bertha Helvett. The intestate lived in the same house with defendant, who is also an actress, and who was a friend of the intestate. Quite a scene seems to have taken place during the trial, when defendant, having said she had parted with the pin, refused to tell the name of the man to whom she had given the pin. The court committed her for contempt, and then she answered, and said it was George Fichard, a traveling salesman, whose address she did not know, and she therefore could not produce the pin in court. She gave the pin to Fichard after the intestate's death. There is no proof as to the value of the pin. Defendant testifies thus:

"I used to wear Miss Wells' [intestate's] diamonds whenever I wanted to. She always called that pin [the one in suit] mine. When she went to the hospital [to be operated for appendicitis] the pin was given to me. We had been like sisters for two years. We have always lived together. When she went to Europe she left me in charge of her house. She said, 'Bessie, you take the bow-knot [the pin in suit], and wear it, and, if anything happens to me, it is your pin.'"

There appears to have been so much quarreling between the attorneys, and defendant was interrupted so many times in the middle of an unfinished statement, that the evidence is not at all satisfactory. The justice found for defendant, "dismissing the complaint without prejudice to the bringing of a new action; plaintiff having failed to prove facts sufficient to constitute a cause of action." This seems to have been a correct disposition of the case. Subsequently a motion was made to modify the judgment by striking out the qualification and rendering judgment for defendant on the merits. This motion was denied, and defendant appeals from the order of denial, while plaintiff appeals from the judgment as entered.

The judgment should be affirmed, with costs to defendant, and the order affirmed, with costs to plaintiff. One bill of costs to offset against the other.